UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:09-114-KKC

FRANK WATKINS, ET AL.                                                                                PLAINTIFFS,

v.                                              **OPINION AND ORDER**

RJ CORMAN RAILROAD, ET AL.                                                            DEFENDANTS.

\*\*\*\*     \*\*\*\*     \*\*\*\*

This matter is before the Court on the Plaintiffs Motion to Remand this matter to Magoffin Circuit Court (DE 4). For the following reasons, the Court will GRANT the motion.

**I.     FACTS.**

This action involves a fire that was started inside a railroad tunnel located in close proximity to the Plaintiffs' residences. The tunnel is part of a railroad right-of-way ("the Dawkins Line") owned by the Defendant, RJ Corman.

In 2004, RJ Corman sought to abandon the Dawkins Line through abandonment proceeding held before the Surface Transportation Board ("the STB"). Pursuant to the Interstate Commerce Commission Termination Act (the "ICCTA"), 49 U.S.C. § 10101, *et seq.*, the STB is vested with exclusive jurisdiction over the construction, acquisition, operation, abandonment, or discontinuance of railroad facilities. 49 U.S.C. § 10501(b).

There is no dispute that the STB has not ruled that the Dawkins Line has been abandoned. Instead, after three Kentucky counties intervened in the abandonment proceedings, the STB issued a Notice of Interim Trail Use ("NITU") pursuant to the National Trails System Act (the "Trails Act"). The Trails Act permits public or private groups to operate discontinued railroad lines as recreational trails. 16 U.S.C. § 1247(d). This is known as "railbanking." The STB's issuance of the NITU allows the railroad to discontinue service without abandoning the easement. *Singleton v. United States*, – Fed. Cl.

—, 2010 WL 1170508 at *1 (March 24, 2010).

The Plaintiffs filed the present action in Magoffin Circuit Court claiming that RJ Corman had negligently caused, prevented or failed to contain the fire and that, as a result, the Plaintiffs suffered personal injury, property damage, and the loss of use and enjoyment of their property. The Plaintiffs also claim that the fire constitutes a nuisance.

In its Notice of Removal, RJ Corman argues that this Court has jurisdiction over the Plaintiffs' claims under 28 U.S.C. § 1331, which grants this Court jurisdiction over federal questions, and under 28 U.S.C. § 1336, which grants this Court jurisdiction over any civil action to enforce, enjoin or suspend an order of the Surface Transportation Board.

**II.    ANALYSIS.**

**A.    Federal Question Jurisdiction under 28 U.S.C. § 1331.**

The determination of whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides for federal jurisdiction only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Plaintiffs' complaint asserts only state-law negligence and nuisance claims.

RJ Corman appears to argue that these state-law claims should nonetheless be treated as federal claims because they are completely preempted by federal law. The complete preemption doctrine recognizes "that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be recharacterized as a federal claim." *Fayard v. Northeast Vehicle Svcs, LLC*, 533 F.3d 42, 45 (1st Cir. 2008).

When "an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. The Supreme Court has characterized complete preemption as a

"narrow exception" to the general prohibition against removal based upon a prospective federal defense. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003).

In order to succeed on complete preemption argument, the defendant must show exclusive federal regulation of the subject matter and the creation of a superseding federal cause of action. *Roddy v. Grand Truck Western R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005). "[T]he congressional intent necessary to confer removal jurisdiction upon the federal courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state law cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996) (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 - 35 (6th Cir. 1995)).

The Sixth Circuit has noted that the Supreme Court, in the absence of explicit direction from Congress, is reluctant "to find the extraordinary preemptive power that converts an ordinary state common law complaint into one stating a federal claim … ." *Roddy*, 395 F.3d at 323.

For its argument that the Plaintiffs' state law claims have been completely preempted, RJ Corman appears to rely on Section 10501(b) of the ICCTA which broadly grants the STB exclusive jurisdiction over "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities. . ." 49 U.S.C. § 10501(b). It also contains an express preemption clause providing that, "[e]xcept as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b).

In support of its argument that the Plaintiffs' state-law nuisance and negligence claims have been completely preempted by Section 10501(b) of the ICCTA , RJ Corman cites *Cedarapids, Inc. v. Chicago, Central & Pacific R. Co.*, 265 F.Supp.2d 1005 (N.D. Iowa 2003). In that case, the court

3

determined that the plaintiff's state-law claims were completely preempted by the ICTTA. *Id*. at 1015. However, in that case, the plaintiff sought to enjoin the defendant railroad operator from using the railroad tracks at issue, arguing that the defendant's abandonment of the tracks had extinguished its right to use them under state law. *Id*. at 1007. The district court concluded that, "to the extent that [the plaintiff's] state law claims seek to force [the railroad operator] to abandon the track in questions, such claims are preempted by the ICCTA." *Id.* at 1014. The court determined that the plaintiff's state-law claims necessarily involved "a finding that the tracks at issue have been abandoned" by the defendant and that it no longer had a right to use the tracks. *Id*. at 1015.

In contrast, in *Fayard v. Northeast Vehicle Services, LLC*, 533 F.3d 42 (1st Cir. 2008), the Court determined that the plaintiffs' state-law nuisance claim against the defendant based upon the defendant's operation of a rail line was not completely preempted by the ICCTA. *Id*. at 44. In determining whether the ICCTA completely preempts a state-law nuisance cause of action, the First Circuit inquired into whether the ICCTA "provides an exclusive substitute federal cause of action that a federal court … can employ for the … wrong at issue." *Id*. at 47. The Court found no STB or court "precedents entertaining ICCTA claims seeking redress for railroad conduct akin to nuisance." *Id*.

Because the ICCTA does not automatically immunize railroads from state-law nuisance claims and because it does not provide a federal cause of action equivalent to nuisance, the First Circuit ordered that the plaintiffs' motion to remand be granted. *Id*. at 48; *See also Irish v. Burlington Northern Santa Fe R. Co.*, 632 F.Supp.2d 871, 877-78 (W.D. Wis. 2009) (The plaintiffs' state-law claim for damages arising from flash flooding allegedly caused by the defendant's negligent construction or maintenance of a railroad bridge was not completely preempted by the ICCTA.).

The legislative history of 49 U.S.C. § 10501 is consistent with the view that the ICCTA does not provide an exclusive remedy for the Plaintiffs' state-law tort claims. The express preemption provision

4

of § 10501(b) was intended to clarify "that the exclusivity is limited to remedies with respect to rail regulation - not State and Federal law generally … ." H.R. Conf. Rep. 104-422 at 167 (1995), 1995 U.S.C.C.A.N. 850, 852. This provision was meant "to reflect the direct and complete pre-emption of State economic regulation of railroads … ." H.R. Rep. 104-311 at 95 (1995), 1995 U.S.C.C.A.N. 793, 807.

The relief sought by the Plaintiffs in the present case would not implicate economic regulation of rail transportation. As stated by the Eleventh Circuit, "Congress narrowly tailored the ICCTA pre-emption provision to displace only 'regulation,' i.e., those state laws that may reasonably be said to have the effect of 'manag[ing]' or 'govern[ing]' rail transportation, Black's Law Dictionary 1286 (6th ed.1990), while permitting the continued application of laws having a more remote or incidental effect on rail transportation." *Florida East Coast Railway Co. v. City of West Palm Beach*, 266 F.3d 1324, 1331 (11th Cir. 2001).

Section 10501(b) of the ICCTA completely preempts only those state regulations that interfere with interstate rail operations. *Allied Erecting and Dismantling Co., Inc. v. Ohio Central R.R., Inc.*, No. 4:06-cv-509, 2006 WL 2933950 at *4 (N.D. Ohio Oct. 12, 2006). It cannot be said that application of Kentucky negligence and nuisance law in the present case would have the affect of "managing" or "governing" rail transportation. All tracks have been removed and the Dawkins Line no longer serves rail traffic of any sort. The Plaintiffs have sought injunctive relief that would require RJ Corman to extinguish the fire in the tunnel on the Dawkins Line, but such an order would have no conceivable regulatory impact upon RJ Corman.

The Supreme Court has applied the doctrine of complete preemption in very few contexts. *Amsouth Bank v. Dale,* 386 F.3d 763, 776 (6th Cir. 2004). In the case at bar, RJ Corman has failed to demonstrate that the ICCTA provides a federal cause of action that supersedes state-law nuisance and

5

negligence causes of action. RJ Corman has also failed to establish that granting the relief requested by the Plaintiffs would have the effect of regulating a railroad as contemplated by 49 U.S.C. § 10501(b). Thus, the Plaintiffs' state-law claims are not completely preempted by the ICCTA.

**B.      Jurisdiction over STB Orders under 28 U.S.C. § 1336.**

RJ Corman also argues that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1336(a). That provision grants district courts "jurisdiction of any civil action to enforce, in whole or in part, any order of the Surface Transportation Board, and to enjoin or suspend, in whole or in part, any order of the Surface Transportation Board for the payment of money or the collection of fines, penalties, and forfeitures." The Plaintiffs' Complaint raises state-law tort claims. It does not seek to enforce, enjoin, or suspend any STB Order.

**III.     CONCLUSION.**

For the above reasons, the Court hereby ORDERS that the Plaintiffs' Motion to Remand (DE 4) is GRANTED and this action is REMANDED to the Magoffin Circuit Court.

Dated this 27th day of April, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge